**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GINA L. BIANCHI,

                                Plaintiff,

         - v -                                                                Civ. No. 1:18-CV-619
                                                      (GLS/DJS)

MICHAEL C. GREEN, *et al.*,

                              Defendants.

---

**APPEARANCES:**                                               **OF COUNSEL:**

BAILEY, JOHNSON & PECK, P.C.                      JOHN W. BAILEY, ESQ.
Attorney for Plaintiff                                       CRYSTAL R. PECK, ESQ.
5 Pine West Plaza, Suite 507
Washington Ave. Extension
Albany, New York 12205

GIRVIN & FERLAZZO, P.C.                             PATRICK J. FITZGERALD, III, ESQ.
Attorney for Defendant Green                         SCOTT P. QUESNEL, ESQ.
20 Corporate Woods Bld.
Albany, New York 12211-2350

BOND, SCHOENECK & KING, PLLC               ROBERT F. MANFREDO, ESQ.
Attorney for Defendant Davis                         MARA DEW AFZALI, ESQ.
22 Corporate Woods Blvd., Suite 501
Albany, New York 12211

NIXON, PEABODY LLP                                  ANDREW C. ROSE, ESQ.
Attorney for Defendant Czajka                       TINA E. SCIOCCHETTI, ESQ.
677 Broadway, 10th Floor
Albany, New York 12207

**DANIEL J. STEWART**
**United States Magistrate Judge**

**MEMORANDUM-DECISION and ORDER**

This case has a lengthy procedural history, familiarity with which is assumed.  The latest issues presented relate to a subpoena served by Plaintiff upon the Division of Criminal Justice Services ("DCJS") in September 2021.  *See* Dkt. No. 177-2, Peck Decl., Ex. A.  DCJS has interposed objections to two aspects of the subpoena and Plaintiff now moves to compel compliance.  Dkt. No. 177.  In considering this Motion, the Court is guided by the command of Rule 1 of the Federal Rules of Civil Procedure which directs that the remaining Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Under the standards set for forth in more detail below, the just, speedy, and inexpensive resolution of this action requires that the present Motion be denied.

Rule 45 authorizes the Court to direct compliance with a subpoena.  *City of Almaty, Kazakhstan v. Ablyazov*, 2018 WL 11270113, at *2 (S.D.N.Y. Feb. 28, 2018).  Such a motion is "entrusted to the sound discretion of the district court."  *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (quoting *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)).  "The reach of a subpoena issued pursuant to FED. R. CIV. P. 45 is subject to the general relevancy standard applicable to discovery under FED. R. CIV. P. 26(b)(1)." *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998); *see also Pierce v. United States*, 2015 WL 13843360, at *5 (N.D.N.Y. Oct. 19, 2015).  Evaluating relevancy under Rule 26 requires the Court to consider whether the information at issue is

> proportional to the needs of the case, considering the importance of the issues
> at stake in the action, the amount in controversy, the parties' relative access to
> relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Westchester Surplus Lines Ins. Co. v. AmClaims*, 2021 WL 1572652, at \*1 (N.D.N.Y. Apr. 21, 2021) (quoting FED. R. CIV. P. 26(b)(1)).   When considering relevance, "[p]roportionality has assumed greater importance in discovery disputes since the 2015 amendments to Federal Rule of Civil Procedure 26." *Woodward v. Afify*, 2017 WL 279555, at \*1 (W.D.N.Y. Jan. 23, 2017).  The rule "is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." *Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114, at \*3 (S.D.N.Y. Jan. 25, 2016) (internal quotations omitted).

At issue here are two requests made in the September 16, 2021 subpoena served upon DCJS.  First, Plaintiff broadly seeks "any and all documents, including but not limited to, memoranda, correspondence, emails, statements, reports, etc. relating to the termination of Brian Gestring from the NYS Department [sic] of Criminal Justice Services." Peck Decl. at Ex. A, p. 5.  Second, Plaintiff seeks a similarly broad category of documents concerning an investigation regarding Kimberly Schiavone.  *Id.*  This subpoena was apparently prompted by the disclosure to Plaintiff from Defendant Czajka, shortly before the parties deposed Ms. VanKempen, of a draft report prepared by Sandra VanKempen regarding complaints made by Ms. Schiavone.  Peck Decl. at ¶¶ 4-5.

"The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night*

- 2 -

*Hawk Ltd. v. Briarpatch Ltd., L.P.*, 2003 WL 23018833 at *8 (S.D.N.Y. Dec. 23, 2003).

While Plaintiff maintains that the relevancy of the requested documents "is clear in the

pleadings served by Defendants, Rule 26 disclosure of Defendant Davis, Defendant

Czajka's questioning of OIG Investigator Spencer Freedman, and Defendant Czajka's

own subpoena to DCJS," Peck Decl. at ¶ 18, Plaintiff "has failed to persuade the Court

that the documents bear any more than a 'doubtful or tangential' relationship to the

allegations" underlying her claims. *Corbett v. eHome Credit Corp.*, 2010 WL 3023870,

at *3 (E.D.N.Y. Aug. 2, 2010).  Neither Gestring nor Schiavone are parties to this action.

While Plaintiff and some of the named Defendants were clearly involved in events

underlying Gestring's termination and the complaints lodged by Ms. Schiavone, that does

not automatically transform all documents relating to those events into material relevant,

much less proportionally relevant, to the facts underlying Plaintiff's lawsuit.  This case

concerns the personnel action taken with respect to Plaintiff.  Complaints by other

employees of DCJS against non-defendant employees of the agency are at best tangential

to that core issue.

The timing of this particular request is also problematic in the Court's view.  None

of the arguments now relied upon by Plaintiff to justify the subpoena, *see* Peck Decl. at ¶

18, led her counsel to seek the documents now sought from DCJS until roughly one month

prior to the then-scheduled close of discovery in this case.  *See* Dkt. No. 172 (setting

October 29, 2021 as the deadline for close of discovery).  Gestring's termination and

complaints made by Ms. Schiavone have long been known to Plaintiff's counsel.  Am.

Compl. at ¶ 38; *Schiavone v. Gestring*, 1:18-CV-1453 (LEK/CFH).  Defendant Davis'

- 3 -

Rule 26 disclosure is dated July 2019.  Peck Decl. at Ex. H.  Defendant Czajka's subpoena to DCJS was served in September 2020.  *Id.* at Ex. C.[1]  The deposition of Spencer Freedman took place in February 2020.  Dkt. No. 179-1, Quesnel Aff. ¶ 10.  If these various events make the need for the now-sought information so clear, it is unclear to the Court why Plaintiff waited so long to seek its production.  This delay strongly belies any claim that the information now at issue is critically important to resolving the facts at issue in this case.

Plaintiff now has a fifty-three-page draft report regarding Schiavone's complaints but has articulated no basis on which the Court could conclude that further production of "memoranda, correspondence, emails" about that draft or other versions of that report, *see* Peck Decl. at Ex. A, would be proportionally relevant to *Plaintiff's claim* that *her* constitutional rights were violated.  Moreover, despite Defendant Davis' initial disclosure notice regarding Gerstring's firing, of which Plaintiff makes so much, it does not appear that Plaintiff or any other party has engaged in discovery regarding that information until now.  The failure to have done so justifies finding further response to this subpoena overly burdensome.  *See Zoological Soc. of Buffalo, Inc. v. Carvedrock, LLC*, 2013 WL 5652759, at *3 (W.D.N.Y. Oct. 15, 2013).

DCJS is not a party to this litigation.  "A subpoena that pursues material with little apparent or likely relevance to the subject matter, is likely to be quashed as unreasonable

---

[1] The Court also agrees that the Czajka subpoena to DCJS was significantly more narrowly tailored than the one at issue here.  *Compare* Peck Decl. at Ex A, p. 5 *with id.* at Ex. C at p. 6.  Plaintiff maintains she first became aware of the document provided pursuant to the Czajka subpoena shortly before issuing her own.  It is unclear to the Court when a response was provided to the Czajka subpoena, but clearly Defendant Czajka's counsel erred if she served the subpoena without notice to all parties.  *See* FED. R. CIV. P. 45(a)(4).

even where the burden of compliance would not be onerous, particularly where the person or entity on whom the demand is made is not a party to the action." *Schoolcraft v. City of New York*, 2012 WL 2161596, at *13 (S.D.N.Y. June 14, 2012) (internal quotations, alterations, and citations omitted).

The Court also notes that apart from questionable relevance, the demands at issue are patently overbroad. Each requests "any and all documents" regarding the specific matter sought. "Courts have long held that requests for 'any and all' documents are generally improper." *Agerbrink v. Model Serv. LLC*, 2017 WL 933095, at *2 (S.D.N.Y. Mar. 8, 2017); *see also Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (citing cases); *Hickey v. Myers*, 2013 WL 2418252, at *9 (N.D.N.Y. June 3, 2013). Moreover, as prior litigation in this case has revealed it is also beyond doubt that many technically responsive documents would be subject to the assertion of valid privilege objections. *See* Dkt. No. 172 (discussing privilege objections related to discovery requests for draft DCJS documents).

The parties have engaged substantial resources litigating discovery disputes, but, it appears, have significant outstanding discovery that is plainly relevant to the essential facts underlying Plaintiff's case, including depositions of the Defendants. At this stage of the litigation, focusing on that discovery is the best use of the resources of the parties.

Rule 26 "has been amended, on several occasions to reflect evolving judgments as to the proper scope of discovery, and to create a balance between the need for evidence and the avoidance of undue burden or expense." *Ali-Hasan v. St. Peter's Health Partners Med. Assocs. P.C.*, 2021 WL 6135215, at *1 (N.D.N.Y. Oct. 14, 2021). The most recent

amendment, emphasizing proportionality, "serves to exhort judges to exercise their preexisting control over discovery more exactly." *Robertson v. People Magazine*, 2015 WL 9077111, at * 2 (S.D.N.Y. Dec. 16, 2015). Given the history of this litigation and consistent with the dictates and purposes of Rules 1 and 26, the Motion to Compel further production is denied.

The previously set deadlines in this case have now expired. The Court resets the deadline for completion of discovery in this case for March 31, 2022, and the deadline for filing dispositive motions to May 27, 2022. Counsel are advised that further extensions of these deadlines will not be entertained absent truly extraordinary circumstances.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's Motion to Compel (Dkt. No. 177) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Dated: January 21, 2022
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge