UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GINA L. BIANCHI, an individual,

             Plaintiff,

     -against-

MICHAEL C. GREEN, JOHN CZAJKA,
KAREN DAVIS, JOHN DOE #1, JOHN DOE #2,
JOHN DOE #3, JOHN DOE #4, JANE ROE #1
JANE ROE #2, JANE ROE #3, AND JANE ROE #4

            Defendants.
_____

Civil Action No.:
1:18-CV-0619 (GLS/DJS)

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL C. GREEN'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

---

GIRVIN & FERLAZZO, P.C.
*Attorneys for Defendant Michael C. Green*
Office and P.O. Address
20 Corporate Woods Blvd.
Albany, New York 12211
Tel:   (518) 462-0300
Fax:   (518) 462-5037

Patrick J. Fitzgerald III, Esq. (Bar Roll No.: 511103)
Scott P. Quesnel, Esq. (Bar Roll No.: 513710)

# TABLE OF CONTENTS

ARGUMENT ...................................................................................................................1

    POINT I      PLAINTIFF FAILED TO COMPLY WITH THE REQUIREMENTS
                    OF NORTHERN DISTRICT COURT LOCAL RULE 56.1 ......................1

    POINT II     PLAINTIFF HAS CONSENTED TO DEFENDANT GREEN'S
                    ARGUMENT THAT HE IS ENTITLED TO QUALIFIED IMMUNITY
                    ON PLAINTIFF'S CLAIM UNDER THE EQUAL
                    PROTECTION CLAUSE ........................................................................1

    POINT III    PLAINTIFF HAS FAILED TO SHOW THAT GREEN IS HER
                    EMPLOYER UNDER THE NEW YORK STATE HUMAN
                    RIGHTS LAW ......................................................................................2

    POINT IV    PLAINTIFF SHOULD NOT BE GRANTED
                    LEAVE TO AMEND HER COMPLAINT ................................................4

    POINT V     GREEN IS ENTITLED TO QUALIFIED IMMUNITY
                    ON PLAINTIFF'S CLAIM UNDER THE FIRST AMENDMENT ..........5

    POINT VI    PLAINTIFF'S EQUAL PROTECTION AND NYSHRL CLAIMS
                    MUST BE DISMISSED .......................................................................12

CONCLUSION..............................................................................................................15

# TABLE OF AUTHORITIES

*Ashcroft v. al-Kidd,*
    563 U.S. 731, 131 S.Ct. 2074 (2011) ...................................................................................6

*Barbini v. First Niagara Bank N.A.,*
    2022 WL 623184 (S.D.N.Y. Mar. 3, 2022) ......................................................................3

*Bonaffini v. City Univ. of N.Y.,*
    2021 WL 2895688 (E.D.N.Y. July 9, 2021) .....................................................................3

*Bueno v. Eurostars Hotel Company, S.L.,*
    2022 WL 95026 (S.D.N.Y. Jan. 10, 2022) .......................................................................3

*City of Escondido, Cal. v. Emmons,*
    139 S. Ct. 500 (2019) .......................................................................................................6

*D'Olimpio v. Crisafi,*
    462 Fed.Appx. 79 (2d Cir. 2012) .....................................................................................7

*Doe v. Bloomberg L.P.,*
    36 N.Y.3d 450, 167 N.E.3d 454 (2021) .........................................................................2, 3

*El Sayed v. Hilton Hotels Corp.,*
    627 F.3d 931 (2d Cir. 2010) ...........................................................................................15

*Este–Green v. Astrue,*
    2009 WL 2473509 (N.D.N.Y. Aug. 7, 2009) ...................................................................2

*Feingold v. New York,*
    366 F.3d 138 (2d Cir. 2004) .............................................................................................4

*Friederick v Passfeed, Inc.,*
    2022 WL 992798 (S.D.N.Y. Mar. 31, 2022) .................................................................3, 5

*Garcetti v. Ceballos,*
    547 U.S. 410, 126 S.Ct. 1951 (2006) .............................................................................10

*Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs., P.C.,*
    716 F.3d 10 (2d Cir. 2013) .............................................................................................13

*Lane v. Franks,*
    573 U.S. 228, 134 S.Ct. 2369 (2014) .................................................................8, 9, 10, 12

*Lomonoco v. Saint Anne Inst.,*
    2018 WL 2324051 (N.D.N.Y. May 22, 2018) ..................................................................1

ii

*MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*,
    157 F.3d 956 (2d Cir. 1998) ........................................................................................5

*Maioriello v. New York State Office for People With Developmental Disabilities*,
    272 F.Supp.3d 307 (N.D.N.Y. 2017) ............................................................................2

*Malena v. Victoria's Secret Direct, LLC*,
    886 F.Supp.2d 349 (S.D.N.Y. 2012) .........................................................................3, 5

*Matthews v. City of New York*,
    779 F.3d 167 (2d. Cir. 2015) ....................................................................................8, 9

*McMenemy v. City of Rochester*,
    241 F.3d 279 (2d Cir. 2001) ..................................................................................13, 14

*Moazzaz v. Metlife, Inc.*,
    2021 WL 827648 (S.D.N.Y. Mar. 4, 2021) ..................................................................3

*Patrowich v. Chem. Bank*,
    63 N.Y.2d 541 (1984) ...............................................................................................2, 3

*Pavone v. Puglisi*,
    353 Fed. Appx. 622 (2d Cir. 2009) ..............................................................................7

*Pickering v. Board of Ed. of Tp. High School Dist.*,
    391 U.S. 563, 88 S.Ct. 1731 (1968) .....................................................................10, 11

*Ricioppo, v. County of Suffolk*,
    2009 WL 577727 (E.D.N.Y. Mar. 4, 2009) .................................................................9

*Rojas v. Roman Catholic Diocese of Rochester*,
    660 F.3d 98 (2d Cir. 2011) ...........................................................................................5

*Rusyniak v. Gensini*,
    2009 WL 3672105 (N.D.N.Y. Oct. 30, 2009) .............................................................2

*Shub v Westchester Cmty. College*,
    556 F.Supp.2d 227 (S.D.N.Y. 2008) ...........................................................................9

*Stevenson v. N.Y.S. Dep't of Corr.*,
    2022 WL 179768 (W.D.N.Y Jan. 20, 2022) ................................................................3

*Sutter v. Dibello*,
    2021 WL 930459 (E.D.N.Y. Mar. 10, 2021) ...............................................................3

iii

*Taravella v. Town of Wolcott,*
    599 F.3d 129 (2d Cir. 2010) ............................................................7

*Tomka v. Seiler Corp.,*
    66 F.3d 1295 (2d Cir. 1995) ..........................................................4

*Vega v. Hempstead Union Free Sch. Dist.,*
    801 F.3d 72 (2d Cir. 2015) ...............................................13, 14

*Werking v. Andrews,*
    526 F.App'x 94 (2d Cir. 2013) ......................................................5

*White v. Pauly,*
    580 U.S. 73, 137 S.Ct. 548 (2017) ...............................................6

## STATUTES

Fed. R. Civ. P. 15....................................................................................4, 5

New York Executive Law § 55..................................................................6

New York Executive Law § 296..................................................3, 4, 5, 6, 13

N.D.N.Y. Local Rule 56.1 ..................................................................14, 15

## POINT I

### PLAINTIFF FAILED TO COMPLY WITH THE REQUIREMENTS
### OF NORTHERN DISTRICT COURT LOCAL RULE 56.1

On June 27, 2022, Plaintiff Gina Bianchi ("Plaintiff") filed her response to Defendant Michael Green's ("Green") Local Rule 56.1 Statement of Material Facts ("Rule 56.1 Response"). Dkt. No. 195-3. Plaintiff has improperly used her Rule 56.1 Response to add voluminous statements to her admissions that "do not actually challenge the factual substance" of the District's statements, but rather represent an effort by Plaintiff to spin the perceived impact of her admissions. *Lomonoco v. Saint Anne Inst.*, 2018 WL 2324051, at *1 (N.D.N.Y. May 22, 2018). Therefore, the facts established in Green's Rule 56.1 Statement should be deemed admitted. To the extent that Plaintiff has added additional facts to her Rule 56.1 Response, those facts should be disregarded because Plaintiff has not complied with Local Rule 56.1(b). Plaintiff's Rule 56.1 Response also contains multiple denials that are not supported by admissible evidence as required by Local Rule 56.1(b). Those denials should be considered as admissions by Plaintiff as well.

## POINT II

### PLAINTIFF HAS CONSENTED TO DEFENDANT GREEN'S
### ARGUMENT THAT HE IS ENTITLED TO QUALIFIED IMMUNITY
### ON PLAINTIFF'S CLAIM UNDER THE EQUAL PROTECTION CLAUSE

Plaintiff has not responded to or opposed Green's meritorious and factually supported argument that he is entitled to qualified immunity on Plaintiff's Equal Protection claim. Dkt. No. 188-2, p. 33. More specifically, Plaintiff has not argued that every reasonable official in Green's position in 2017 would have known that, under clearly established Second Circuit or Supreme Court precedent, removing Plaintiff as Special Counsel for the reasons he did violated her rights under the Fourteenth Amendment. This Court, relying on a robust body of precedent, has previously held that "[w]here a non-movant has failed to respond to a movant's properly filed and

facially meritorious memorandum of law, the non-movant is deemed to have 'consented' to the legal arguments contained in that memorandum of law." *Maioriello v. New York State Office for People With Developmental Disabilities*, 272 F.Supp.3d 307, 332-333 (N.D.N.Y. 2017) (holding that the failure to oppose an argument only requires the moving party to satisfy the "modest" burden of demonstrating entitlement to the relief requested through that argument) (citing *Rusyniak v. Gensini*, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (collecting cases). Accordingly, Plaintiff has consented to Green's argument that he is entitled to qualified immunity on Plaintiff's Equal Protection claim. Since Green's qualified immunity arguments have merit, Plaintiff's Fourth Cause of Action must be dismissed.

## POINT III

### PLAINTIFF HAS FAILED TO SHOW THAT GREEN IS HER EMPLOYER UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

In each case cited by the Court when it previously held that Green could be considered Plaintiff's "employer" under the New York State Human Rights Law ("NYSHRL"), Dkt. No. 75, p. 18 (citing cases), the New York State Court of Appeals' decision in *Patrowich v. Chem. Bank,* 63 N.Y.2d 541, 542 (1984)) was cited for the proposition that an "individual qualifies as [a] NYSHRL 'employer' if he or she has 'any ownership interest or any power to do more than carry out personnel decisions made by others'". Dkt. No. 75, p. 18 (citations omitted). New York State and federal courts repeatedly have cited to this standard from *Patrowich* when assessing individual liability under the NYSHRL. Yet, in *Doe v. Bloomberg L.P.*, 36 N.Y.3d 450, 167 N.E.3d 454 (2021), the New York State Court of Appeals pointed out that "courts misinterpret *Patrowich* as making the 'ownership/personnel decisions' test relevant to defining 'employer'" under the NYSHLR. *Doe*, 36 N.Y.3d at 457. In *Doe*, after describing the apparent confusion created by *Patrowich* with an air of incredulity, the Court of Appeals made the clear and unambiguous

statement that "we held in *Patrowich* that the State NYSHRL does not render employees liable as individual employers." *Id.* This statement by New York's highest court leaves no room for debate: Green was not Plaintiff's employer and cannot be held individually liable under the NYSHRL, Executive Law § 296(1).[1]

Plaintiff completely ignores the decisions of the federal district courts that have applied *Doe* correctly,[2] instead relying solely on *Friederick v Passfeed, Inc.*, 2022 WL 992798, at *9 (S.D.N.Y. Mar. 31, 2022). However, *Friederick* made no reference to *Doe*. Instead, it improperly relied on *Malena v. Victoria's Secret Direct, LLC*, 886 F.Supp.2d 349, 365–66 (S.D.N.Y. 2012) where, nine years before *Doe,* the Southern District Court cited *Patrowich* and its progeny to misinterpret the NYSHRL to allow claims against individuals as "employers" under Executive Law § 296(1). This Court is not bound to follow, and should not follow, *Friederick.*

Plaintiff also argues that a supervisor can be held individually liable under the NYSHRL if he "actually participates in the conduct giving rise to the discrimination." Dkt. No. 195, p. 21 (citing *Feingold v. New York*, 366 F.3d 138, 157 (2d Cir. 2004)). This language quoted in *Feingold* appeared during a discussion in *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995) about whether individuals can be held liable under the "aider and abettor" provisions of the NYSHRL § 296(6). *Tomka*, 66 F.3d at 1317. Thus, when *Tomka* was discussing whether an individual "actually participates" in the allegedly wrongful conduct, it was discussing it in the context of "aider and abettor" liability under Section 296(6), not liability as an "employer" under Section 296(1).

---

[1] Green cannot be held individually liable under Executive Law §296(7) because Plaintiff did not bring a claim against Green under Section 296(7). *See* Dkt. No. 76, ¶¶ 117-120; Dkt. No. 195, p. 23.

[2] *See, e.g. Moazzaz v. Metlife, Inc.*, 2021 WL 827648, at *15 (S.D.N.Y. Mar. 4, 2021); *Bueno v. Eurostars Hotel Company, S.L.*, 2022 WL 95026, at *7 (S.D.N.Y. Jan. 10, 2022); *Barbini v. First Niagara Bank N.A.*, 2022 WL 623184, at* 11 (S.D.N.Y. Mar. 3, 2022); *Sutter v. Dibello*, 2021 WL 930459, at *24 (E.D.N.Y. Mar. 10, 2021); *Bonaffini v. City Univ. of N.Y.*, 2021 WL 2895688, at *2 (E.D.N.Y. July 9, 2021); *Stevenson v. N.Y.S. Dep't of Corr.*, 2022 WL 179768, at *20 (W.D.N.Y Jan. 20, 2022).

Plaintiff admits as much in her Amended Complaint by alleging that, as an alternative to her claim that Green was her "employer", Green "is an aider and abettor pursuant to Executive Law § 296(6), and . . . the employer for purposes of aiding and abetting liability is the New York State DCJS". Dkt. No. 76, ¶ 119. However, Plaintiff offers no response to Green's meritorious argument that "liability must first be established as to the employer/principal before accessorial liability can be found as to an alleged aider and abettor" under Executive Law § 296(6). Dkt. No. 188-2, p. 34-35 (citations omitted). Therefore, Plaintiff's NYSHRL claim against Green must be dismissed.

## POINT IV

### PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND HER COMPLAINT

Plaintiff's request to amend her complaint pursuant to Fed.R.Civ.P. 15(b) to reframe her NYSHRL claim as one under Executive Law § 296(7), not Executive Law 296(1), must be denied. First, Plaintiff failed to provide the Court with a proposed amended pleading as required by Local Rules 7.1(b)(4) and 15.1(a). Second, because the deadline established by the Court for amendments has passed, Plaintiff must satisfy the more stringent "good cause" requirement of Rule 16 before the Court can proceed to the more lenient standard under Rule 15. *See, e.g. Werking v. Andrews*, 526 F.App'x 94, 96 (2d Cir. 2013). Plaintiff has not done this. Instead, Plaintiff has asked the Court to "permit Plaintiff's Complaint to be deemed amended" pursuant to Rule 15(b), Dkt. No. 195, p. 23. Third, when reviewing an application for leave to amend under Rule 15(b), courts consider the futility of amendment. *See, e.g., MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998). Plaintiff's proposed amendment is futile.

Citing only *Friederick, supra,* Plaintiff argues that "NYSHRL § 296(7) still allows for individual liability in retaliation causes of action." Dkt. No. 195, p. 23. Aside from the fact that the court in *Friederick* erred when it failed to recognize *Doe* when discussing individual liability

under Executive Law § 296(1), when discussing individual liability under Section 296(7) the Court in *Friederick* stated:

> "Both the NYSHRL and the NYCHRL retaliation provisions impose liability on "any person" who retaliates against another. N.Y. Exec. Law § 296(7); N.Y. Code Title 8, § 8-107(7). But as discussed above, individual liability under these statutes is limited to cases where 'an individual defendant ... actually participates in the conduct giving rise to the plaintiff's [ ] retaliation claim.'"

*Friederick*, 2022 WL 992798, at \*9 (citing *Malena*, 886 F. Supp. 2d at 366). When the Court reviews the cases cited in *Malena*, and the precedents relied upon when repeating this rule of law, the Court will arrive at a footnote in *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98 (2d Cir. 2011)*, where the Second Circuit once against cited *Tomka* for the proposition that "an individual defendant may be held liable under the aiding and abetting provision of the NYSHRL if he 'actually participates in the conduct giving rise to a discrimination claim'". *Rojas*, 66 F.3d at 107, fn. 10. Thus, case after case interpreting the NYSHRL has found that an individual only can be held liable, whether it be for discrimination or retaliation, under the aider and abettor provision found in Section 296(6). Since Plaintiff cannot hold Green liable under Section 296(6) because her employer, DCJS, is not a party to this action, any amendment to Plaintiff's complaint to add such a claim should be denied on the grounds of futility.

## POINT V

### GREEN IS ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S CLAIM UNDER THE FIRST AMENDMENT

Plaintiff has failed to show that it was clear to every reasonable official in Green's position in 2017 that, under Second Circuit or Supreme Court precedent, (1) Plaintiff was acting in her capacity as a citizen when she complied with her obligation under New York Executive Law § 55 to speak in private with two investigators from the Office of the New York State Inspector General ("OIG") during her workday and with the approval of Green; (2) the transcript of Plaintiff's

meeting with the OIG reflects a discussion of matters of public concern; and (3) Green did not retain the managerial discretion to remove Plaintiff from her appointed position because she performed poorly as an attorney while speaking to the OIG. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S.Ct. 2074 (2011) (holding that "[a] government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right"); *White v. Pauly*, 580 U.S. 73, 137 S.Ct. 548, 551 (2017) (holding that qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law'"); *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019) (holding that the clearly established constitutional right "must be defined with specificity" and that qualified immunity applies "unless existing precedent squarely governs the specific facts at issue").

Plaintiff has not responded to Green's argument that ████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████ *See* Dkt. No. 188-1, ¶¶ 138-140. Under Second Circuit precedent, reliance upon counsel is a relevant consideration when evaluating whether Green is entitled to qualified immunity. *See, e.g. Pavone v. Puglisi*, 353 Fed. Appx. 622, 626 (2d Cir. 2009); *Taravella v. Town of Wolcott*, 599 F.3d 129, 134 (2d Cir. 2010).

Plaintiff also has not identified any Supreme Court or circuit-level consensus that informed Green that Plaintiff was ████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████ Dkt. No. 188-1, ¶¶ 102-109. Plaintiff's legal arguments concerning the alleged private character of her speech are largely

devoted to *distinguishing* this case from a decision of the Second Circuit where the Court held that an employee who filed a complaint with OIG *did not* enjoy First Amendment protection. Dkt. No. 195, p. 12 (citing *D'Olimpio v. Crisafi,* 462 Fed.Appx. 79 (2d Cir. 2012)). If anything, the plaintiff's "speech" in *D'Olimpio* - formally reporting "corruption, fraud, criminal misconduct, and abuse of office" to the OIG, Dkt. No. 195, p. 3 (citing *D'Olimpio*, 462 Fed. Appx. at 80) - fits more closely within the paradigm of protected First Amendment speech than here, where Plaintiff, with no objection from Green, merely participated in an interview with the OIG, ███████████ ████████████████████████████████████████████████████████ Dkt. No. 195-4, ¶¶ 33-36. Plaintiff's attempt to distinguish her case from *D'Olimpio*, as opposed to showing that *D'Olimpio* clearly advised Green that his actions were unlawful, only serves to confirm that there is no First Amendment precedent that clearly established the law with respect to the unique facts of this case.

    *Lane v. Franks*, 573 U.S. 228, 134 S.Ct. 2369 (2014) also did not inform Green that Plaintiff was engaging in protected First Amendment speech. In *Lane*, the Supreme Court held that the plaintiff, who offered sworn testimony three times at judicial proceedings – once while before the grand jury and twice publicly at a criminal trial – was speaking as a citizen, not as an employee. *Lane*, 573 U.S. at 238. The mere fact that both the plaintiff in *Lane* and Plaintiff here made statements while under oath does not prove that it should have been obvious to Green that Plaintiff was speaking as a citizen. Green ███████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████ Dkt. No. 495-4, ¶¶ 6, 12. The facts in *Lane* would not cause a reasonable person in Green's position to believe that statements made during such an interview during work

---

[3] *See* Dkt. No. 76, ¶ 24 (alleging ████████████████████████████████████████; Dkt. No. 195-4, ¶ 27 (describing ██████████████████████.

hours, albeit under oath, are akin to providing sworn testimony in open court at multiple criminal proceedings associated with a public corruption scandal.

Plaintiff also offers no response to Green's argument that it was objectively reasonable for him to believe that the statements reflected in the transcript of Plaintiff's meeting with the OIG did not address matters of public concern. In *Matthews v. City of New York*, 779 F.3d 167, 172 (2d. Cir. 2015), which is the only circuit-level case cited in this section of Plaintiff's brief, Dkt. No. 195, pp. 12-13, the plaintiff repeatedly raised concerns to his superiors about a quota system implemented by the NYC Police Department ("NYPD") that mandated the number of arrests, summons, and stop-and-frisks police officers conducted of citizens. *Matthews*, 779 F.3d at 169-170. The plaintiff in *Matthews* reported to his superiors that the quota system was damaging the NYPD's core mission, was "causing unjustified stops, arrests, and summonses because police officers felt forced to abandon their discretion in order to meet their numbers," and "was having an adverse effect on the precinct's relationship with the community." *Id.* In *Matthews*, the only question addressed by the Second Circuit was whether the plaintiff was speaking as a citizen because the defendant did not challenge on appeal whether the plaintiffs' speech addressed a matter of public concern. *Id.* at 172. In *Lane, supra*, it took the Supreme Court little time to conclude that "[t]he content of Lane's testimony - corruption in a public program and misuse of state funds - obviously involves a matter of significant public concern". *Lane*, 573 U.S. at 241. Plaintiff's statements to the OIG bear no similarity to the statements in these cases. Although Plaintiff represents that she ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████Dkt. No. 195, p. 13, the recording of Plaintiff's collegial meeting with two OIG investigators reveals that Plaintiff was not raising concerns about any policy of DCJS, informal or otherwise. Plaintiff

discussed ███████████████████████████████████████████████

███████████████ Dkt. No. 195-4, ¶ 37, and which does not rise to the level of a public concern.

*See Shub v Westchester Cmty. College*, 556 F.Supp.2d 227, 245 (S.D.N.Y. 2008) (finding that speech was not a matter of public concern where plaintiff was speaking about internal affairs, and was not attempting to "protect the public" and there was no "impact beyond the [employees] involved"). Moreover, the fact that the media later reported on Plaintiff's removal as Special Counsel, as opposed to the internal matters Plaintiff discussed with the OIG, does not transform common workplace issues into matters of public concern. *See Ricioppo, v. County of Suffolk*, 2009 WL 577727, at *14 (E.D.N.Y. Mar. 4, 2009) (holding the fact that speech "may be of some interest to some members of the public . . . does not make it a matter of public concern for First Amendment purposes").

Even if the Court were to conclude that it should have been clearly established to Green that Plaintiff spoke as a citizen on a matter of public concern, Plaintiff has asked this Court to adopt an overly-restrictive approach to the second prong of the analytical framework developed by the Supreme Court through *Pickering v. Board of Ed. of Tp. High School Dist.*, 391 U.S. 563, 88 S.Ct. 1731 (1968) and *Garcetti v. Ceballos*, 547 U.S. 410, 418, 126 S.Ct. 1951 (2006). In *Lane*, once the Supreme Court concluded that the plaintiff spoke as a citizen on a matter of public concern, "the next question [was] whether the government had 'an adequate justification for treating the employee differently from any other member of the public' based on the government's needs as an employer." *Lane*, 573 U.S. at 242 (citing *Garcetti*, 547 U.S. at 418). The Supreme Court has consistently expressed the need to balance the right of an employee to speak as a citizen in commenting upon matters of public concern, and the interest of the state as an employer. With respect to giving testimony, the Court in *Lane*, both at oral argument and in its written decision,

distinguished between a public employee's duty to testify truthfully, and a public employee's obligation to testify competently, when it noted that public employees who testify "bear separate obligations to his employer - for example, an obligation not to show up to court dressed in an unprofessional manner." *Lane*, 573 U.S. at 239.

Green █████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████ Dkt. No. 188-24, ¶ 19. A review of the audio recording of Plaintiff's OIG interview, and her statements while meeting with Green on December 5, 2017, confirm that Plaintiff █████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

Plaintiff also ███████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████ *See* Dkt. No. 188-2, pp. 20-21. In Plaintiff's view, the First Amendment shields her from any legitimate critique of her performance *as an attorney* by Green. Green, in his role as Commissioner of DCJS, had a responsibility to ensure that he was receiving reliable, accurate and complete information from his Special Counsel, whose guidance and advice he relied upon to run one of the largest administrative agencies in the State of New York. The second prong of *Pickering* extended Green ████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████ *See* Dkt. No. 195-4, ¶ 25. The fulfillment of Green's responsibility through job repositioning does not violate Plaintiff's First Amendment rights.

Importantly, Plaintiff never argues that Green's stated reason for removing her as Special Counsel does not represent a legitimate governmental interest under the second prong of *Pickering*. Instead, Plaintiff argues that Green's stated reason for removing her is "a pretext." Dkt. No. 195, p. 8. By making only this pretext argument, Plaintiff essentially concedes that Green's stated reason survives constitutional scrutiny, as long as it was the reason for his decision.

Rather than offering admissible evidence to support her pretext argument, Plaintiff speculates that Green █████████████████████████ and that Green ████████ ████████████████████████████████████████████████████████ ████████ Dkt. No. 195, p. 10. Not only does Plaintiff fail to offer a single citation to the record to support her theories, they are contradicted by the undisputed facts that: ████████████ █████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ ███████████████████████████████████████████ While Plaintiff ████ █████████████████████████████████████████████████████████████ ██████████████ Dkt. No. 195, p. 10, the evidence Plaintiff cites (e.g. Czajka's ████████ █████████████████████████████████████████████) lend no support to her rank speculation. Thus, unlike in *Lane*, where there was direct evidence that the defendant

was motivated by a purely retaliatory animus, *see Lane*, 573 U.S. at 232 (quoting direct evidence of a retaliatory animus), there is no direct or circumstantial evidence in this case which shows that Green acted with a retaliatory motive.

Even if a colorable argument exists that Green's conduct violated Plaintiff's rights in an area of First Amendment law that has seen limited discussion by the Supreme Court, the doctrine of qualified immunity limits the liability of Green in the performance of his official duties unless his conduct violated a clearly established constitutional right. Green does not have the burden to prove the existence of case law authorizing his conduct. Instead, Plaintiff has the burden to prove that Green should have known that the conduct was clearly unlawful at the time it occurred. Plaintiff has not met this burden. For this reason, Green is entitled to qualified immunity on Plaintiff's First Cause of Action under the First Amendment.

## POINT VI

## PLAINTIFF'S EQUAL PROTECTION AND NYSHRL CLAIMS MUST BE DISMISSED

To the extent that Plaintiff is granted leave to amend her pleading to add a claim under Executive Law § 296(7) against Green, and to the extent that Green is denied qualified immunity on Plaintiff's Fourteenth Amendment claim, these causes of action must nonetheless be dismissed.

The Court must initially determine if Plaintiff has shown that the statements that she made to the OIG, including both the statements themselves and the context in which they were made, were her attempt to convey a good faith, reasonable belief that violations of the Equal Protection Clause or the NYSHRL were occurring. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 91 (2d Cir. 2015); *McMenemy v. City of Rochester*, 241 F.3d 279, 283 n.1 (2d Cir. 2001). A "[m]ere subjective good faith belief is insufficient". *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs., P.C.*, 716 F.3d 10, 16 (2d Cir. 2013).

Plaintiff attests to her understanding that ███████████████████████████████████

█████████████████████████████████████████████████████████████████████████████████

████████████████████ Dkt. No. 195-1, ¶ 105, and she ████████████████████████████

█████████████████████████████████████████████████████████████████████████████████

████████████████████ *See* Dkt. No. 195-1, ¶ 106. The fact that Plaintiff only met with the

OIG after it asked to meet with her[4] and that Plaintiff did not raise a concern to any external agency

with jurisdiction over discrimination claims establishes that Plaintiff did not believe unlawful

discrimination was occurring at DCJS. This conclusion is further supported by Plaintiff's

█████████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████ Dkt.

No. 195-4, ¶ 37. Thus, even if Plaintiff ███████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████████

Dkt. No. 195, p. 16 (emphasis added). The Court must reject Plaintiff's attempts to recast her

actions to suit her legal claims and find that Plaintiff did not engage in protected activity under the

Equal Protection Clause or the NYSHRL. *See Vega, supra; McMenemy, supra.*

Ultimately, Plaintiff has not presented the Court with any evidence to show that but-for the

small number of statements she made which arguably could implicate the Equal Protection Clause

or the NYSHRL, Green ███████████████████████████████ *See* Dkt. No. 195, p. 17

(acknowledging that Plaintiff's retaliation claims under federal and New York law are subject to

the "but-for" standard of causation). Local Rule 56.1(b) requires any party opposing a motion for

---

[4] Plaintiff testified that ██████████████████████████████████████████████████
████████████ *See* Dkt. No. 195-4, ¶¶ 33, 35.

summary judgment to file a response that admits or denies each of the movant's assertions, and "[e]ach denial shall set forth a specific citation to the record where the factual issue arises. **The Court may deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert**." N.D.N.Y. Local Rule 56.1(b)(emphasis in original). Green set forth his reasons for removing Plaintiff as Special Counsel in his Local Rule 56.1(a) Statement. *See* Dkt. No. 188-1 ¶¶ 117-121. Plaintiff disputes these statements of fact, Dkt. No. 195-3, ¶ 117-121, but fails to offer the Court any citation to the record to support her argument that ███████████████████████ *Id.*

In addition, Plaintiff argues that ████████████████████████████ ████████████████████████████████████████████████████████ Dkt. No. 195, pp. 17-19. Plaintiff does not claim to possess any direct evidence of retaliation. Plaintiff's temporal proximity argument also is a red herring since there is no question that ████████████ ████████████████████████████████████████████████████████ proximate to his decision. However, ████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████ As a result, as consistently held by the Second Circuit, temporal proximity alone is not enough to establish pretext. *See El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010).

Plaintiff also argues that ████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████ Dkt. No. 195, p. 17. She cites ████ ████████████████████████████████████████████████████████ ████████████████████████████ Plaintiff argues that ████████████████



*Id.* It did not. Czjaka's ▮▮▮

▮▮▮

▮▮▮

▮▮▮ *See* Dkt. No. 195, pp. 16-17 (▮▮▮

▮▮▮. The same holds true for Green's lengthy meeting with Plaintiff on December 5, 2017, where Green's questions focused on the statements Plaintiff made which have no discernable connection to protected traits. To the extent that Green asked Plaintiff ▮▮▮

▮▮▮

▮▮▮

▮▮▮ *See* Dkt. No. 195-18, p. 10.

Ultimately, all of the arguments Plaintiff presents to attempt to show that Green was mistaken when he concluded that ▮▮▮

▮▮▮ Dkt. No. 195, p. 18, do not change the fact that Green's conclusions were reached without a retaliatory motive. The record before this Court, as a whole, simply does not support Plaintiff's ▮▮▮

▮▮▮

## CONCLUSION

For these reasons, and for the reasons stated in Green's original memorandum of law, Dkt. No. 188-2, Defendant Michael C. Green's respectfully requests that the Court grant his motion for complete summary judgment pursuant to Fed. R. Civ. P. 56, together with such other and further relief as may be deemed just and proper by the Court.

DATED: July 15, 2022

GIRVIN & FERLAZZO, P.C.,

By: _____
     Patrick J. Fitzgerald III
     Bar Roll No.: 511103
     Scott P. Quesnel, Esq.
     Bar Roll No.: 513710
     *Attorneys for Defendant Michael C. Green*
     20 Corporate Woods Blvd., 2nd Floor
     Albany, New York 12211
     Telephone: (518) 462-0300

TO:    John W. Bailey, Esq.
       Crystal R. Peck, Esq.
       Bailey, Johnson & Peck, P.C.
       *Attorneys for Plaintiff Gina Bianchi*
       5 Pine West Plaza, Suite 507
       Washington Avenue Extension
       Albany, New York 12205
       (518) 456-0082

       Tina E. Sciocchetti, Esq.
       Andrew C. Rose, Esq.
       Jeffrey League, Esq.
       Todd R. Shinaman, Esq.
       Nixon, Peabody Law Firm - Albany Office
       *Attorneys for Defendant John Czajka*
       677 Broadway
       10th Floor
       Albany, NY 12207
       518-427-2677